IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                        No. CR 08-2936 JB

SIMON RONQUILLO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on the Defendant's Appeal of Order Denying Bail Review, filed March 26, 2008 (Doc. 114). The Court held a hearing on April 6, 2009. The primary issues are: (i) whether the Court should overturn the determination of the Honorable Robert Scott, United States Magistrate Judge, that Defendant Simon Ronquillo is a flight risk; and (ii) whether any condition or combination of conditions of release can be put in place to assure the community's safety. Because of various factors, including the nature of the charged offense, the weight of the evidence, Ronquillo's history and characteristics, and other factors suggesting he a danger to the community, the Court finds that there is no condition or combination of conditions that will assure his appearance and the community's safety. The Court will therefore deny the appeal.

**FACTUAL BACKGROUND**

    Ronquillo is a life-long residence of Albuquerque, New Mexico. Ronquillo does not speak, read, or write Spanish. Ronquillo is a journeyman plumber.

    Ronquillo also has several felony convictions. The majority of Ronquillo's criminal history is dated. Some of Ronquillo's transgressions are ten years old. Ronquillo's criminal history is checkered with failures to appear. Ronquillo has, on thirteen occasions, failed to appear on minor

traffic offenses where his potential exposure was low.  Ronquillo has never, however, missed a felony court date.  All of his failures to appear were for misdemeanor cases.

Ronquillo is the father of three children.  Ronquillo represents that he has matured since the arrival of his children.  Ronquillo also represents that, if released, he would be able to work steadily and stay out of trouble.

The United States alleges that Ronquillo is part of a large-scale drug-trafficking organization that operated in the Albuquerque, New Mexico area.  In addition to confidential-source information, the case is based on hundreds of hours of court-authorized electronic eavesdropping.  The United States represents that it intercepted Ronquillo on many occasions conducting drug transactions.  The United States also states that physical surveillance supports Ronquillo's role within the conspiracy.

## PROCEDURAL BACKGROUND

On December 16, 2008, a federal grand jury returned and filed in the United States District Court for the District of New Mexico a redacted indictment charging Ronquillo with, among other things, one count of violating 21 U.S.C. § 846: Conspiracy to Distribute Five Hundred Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine.  See Doc. 2.  Ronquillo is charged in a multi-Defendant drug-trafficking conspiracy.  Ronquillo remained at large for over six weeks.  The United States has no direct proof that Ronquillo knew that he was facing indictment.  The case received, however, extensive media attention.  Several of Ronquillo's family members and friends were aware that he was under indictment and that he should turn himself in to authorities.  Nevertheless, Ronquillo did not voluntarily surrender.

On January 30, 2009, Ronquillo appeared for an Initial Presentment before the Honorable Richard L. Puglisi, United States Magistrate Judge.  On January 31, 2009, the United States Probation office prepared a Pretrial Services Report.  The charge Ronquillo faces in this case carries

a statutory sentencing range of ten years to life imprisonment.

On February 2, 2009, Ronquillo appeared for his Preliminary Detention Hearing before the Honorable W. Daniel Schneider, United States Magistrate Judge. Judge Schneider issued an Order of Detention Pending Trial, finding that there was a serious risk that Ronquillo would not appear for trial and that Ronquillo posed a serious risk of endangering the safety of another person or the community. Judge Schneider based his findings on "the defendant's extensive record . . . ." Order of Detention Pending Trial (Doc. 82). Judge Schneider remanded Ronquillo to custody.

On March 2, 2009, Ronquillo filed a Motion for Bail Review, seeking release from custody. See Doc. 96. On March 3, 2009, the United States filed a response to the Motion for Bail Review, opposing Ronquillo's motion. See Doc. 97. Judge Scott heard the motion on March 16, 2009.

Dan Kruiak, owner of KPH Plumbing, appeared at the Bail Review Hearing and was prepared to testify. Judge Scott accepted the offer of proof by Ronquillo's counsel as to Kruiak's testimony. Nevertheless, Judge Scott issued an order, filed March 16, 2009, denying Ronquillo's motions for release. See Doc. 112. Judge Scott found Ronquillo to be a flight risk and a danger to the community.

This appeal follows Judge Scott's order. On March 26, 2009, Ronquillo filed this appeal of Judge Scott's Order Denying Bail Review. Ronquillo requests an order overturning the previous Bail Review and imposing conditions of release pursuant to 18 U.S.C. § 3142. See Doc. 114. Ronquillo seeks unspecified conditions of release. Ronquillo represents that he has employment in place with KPH Plumbing. Ronquillo represents that he may be in a position either to post a bond pursuant to 18 U.S.C. § 3142(c)(B)(xii) or to meet any other conditions that the Court deems appropriate. Ronquillo also states that he is willing to remain in Bernalillo County.

On March 30, 2009, the United States filed the United States' Response to Defendant's

Appeal of Order Denying Bail Review.  See Doc. 117.  The United States requests that the Court deny Ronquillo's appeal of the detention order.  Ronquillo is presently incarcerated in the Sandoval County Detention Center awaiting trial.

## LAW REGARDING PRETRIAL DETENTION

"Under the Bail Reform Act, a defendant must be released pending trial unless a judicial officer finds 'that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'"  United States v. Begay, 2009 WL 389715, at * 1 (10th Cir. 2009)(quoting 18 U.S.C. § 3142(e)).  Congress has set forth a number of factors that a court must consider in deciding whether appropriate conditions can be fashioned so that a criminal defendant can be released pending criminal proceedings.

> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release

    described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

  "The government must prove risk of flight by a preponderance of the evidence . . ., and it must prove dangerousness to any other person or to the community by clear and convincing evidence. . . ." United States v. Cisneros, 328 F.3d 610, 616 (10th Cir. 2003). At the same time, "§ 3142(e) also establishes two rebuttable presumptions favoring detention: one applicable to certain previous violators and one applicable to certain drug-and-firearm offenders." United States v. Villapudua-Quitero, 308 Fed.Appx.272, 272 (2009). 18 U.S.C. § 3142(f) instructs that, in certain cases, a court "shall hold a hearing to determine whether any conditions or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). For example, the attorney for the United States may move for a hearing under 18 U.S.C. § 3142(f) "in a case that involves . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 et seq.) . . . ." 18 U.S.C. § 3142(f)(1)(c). Moreover, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if a court finds that "there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . ." 18 U.S.C. § 3142(e)(3)(A).

  "Once the presumption is invoked, the burden of production shifts to the defendant.

However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced." United States v. Stricklin, 932 F.2d 1353, 1354-55 (10th Cir. 1991). Moreover, "[e]ven if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain." Id. at 1355. The presumption "reflects Congress's findings that drug traffickers often have the resources and foreign contacts to escape to other countries, as well as strong incentives to continue in the drug trade." United States v. Moreno, 1994 WL 390091, at * 2 (1st Cir. 1994)(unpublished).

## ANALYSIS

Ronquillo requests that the Court release him under conditions that he asserts will assure his appearance and the community's safety. The Court, however, finds that there is no condition or combination of conditions that will accomplish those ends. Ronquillo has presented some evidence to support his appeal, but he has not overcome the presumption, which applies in this case, that he is a flight risk and a danger to the community. Rather, the United States has carried its burden of persuasion that, in light of the factors in 18 U.S.C. § 3142(g), the most appropriate course of action is to detain Ronquillo at this time.

**I.     RONQUILLO IS SUBJECT TO THE PRESUMPTION THAT NO CONDITION OR COMBINATION OF CONDITIONS WILL ASSURE HIS APPEARANCE AND THE COMMUNITY'S SAFETY.**

Because of the drug charges against him, Ronquillo is subject to a statutorily rebuttable presumption that, upon a finding of probable cause, no condition or combination of conditions exist that will reasonably assure the safety of the community or his appearance. See 18 U.S.C. § 3142(e)(3)(A). Specifically, Ronquillo has been charged under 21 U.S.C. § 846 for Conspiracy to Distribute Five Hundred Grams or More of a Mixture and Substance Containing a Detectable

Amount of Methamphetamine.  This charge, which comes under the Controlled Substances Act, carries a minimum sentence of ten years and a maximum of life imprisonment.  The presumption applies when "there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . ."  18 U.S.C. § 3142(e)(3)(A).

The Court finds that there is probable cause to believe that Ronquillo committed the charged offense.  The grand jury returned an indictment.  The United States has shown that Ronquillo appears on many incriminating wire-tapped telephone conversations.  There is also considerable physical surveillance of Ronquillo.  Given the indictment and the evidence that the United States has against Ronquillo, there is probable cause to support the drug-trafficking charge.  The Court therefore believes the presumption applies.

Because the presumption applies, Ronquillo must produce some evidence to show that he is not a flight risk or danger to the community.  "The defendant's burden of production is not heavy, but some evidence must be produced."  United States v. Stricklin, 932 F.2d at 1354-55.  Ronquillo has produced some evidence and has therefore met his burden of production.  Nevertheless, the presumption continues to weigh in as "a factor for consideration by the district court in determining whether to release or detain."  Id. at 1355.  Weighing that and the other factors present in this case, the Court is convinced that, despite Ronquillo's production of some evidence in his favor, the United Stats has carried its burden of showing that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

## II. VARIOUS FACTORS FROM 18 U.S.C. § 3142 COUNSEL AGAINST RELEASING RONQUILLO.

The Court must examine the record before it in light of the factors set forth in 18 U.S.C. §

3142(g) to determine whether the United States has met its burden of persuasion. In evaluating those factors, the Court must also be mindful of the presumption, which remains a factor for consideration. An examination of the 18 U.S.C. § 3142(g) factors through the prism of the presumption convinces the Court that Ronquillo should not be released at this time.

### A. THE NATURE AND CIRCUMSTANCES OF THE OFFENCE COUNSEL AGAINST RELEASE.

Ronquillo is being charged for a drug-trafficking crime which carries a minimum sentence of ten years. The United States has therefore invoked the rebuttable presumption. The rebuttable presumption in drug-trafficking cases is statutory, and arises out of Congress' concern that individuals involved in drug trafficking often have foreign contacts and the ability to leave the country, and incentives to remain active in the drug trade. See United States v. Moreno, 1994 WL 390091, at * 2.

Congress has further expressed a particular concern about drug-trafficking crimes in 18 U.S.C. § 3142(g) by listing as a factor for consideration whether the charged crime involves controlled substances. See 18 U.S.C. § 3142(g)(1). These statutory expressions of Congress' will regarding drug-trafficking crimes put Ronquillo's case within the realm of charges that Congress has deemed to present a particular risk of flight and danger to the community.

The amount of methamphetamine that Ronquillo and the other members of the conspiracy distributed is emblematic of the class of high-level, sophisticated, drug dealer that gave rise to the Congressional finding that defendants charged with serious drug crimes are presumed to be both dangerous and flight risks. Thus, because Ronquillo is being charged for a major drug-trafficking crime, 18 U.S.C. § 3142(g) counsels against release.

### B.     THE WEIGHT OF THE EVIDENCE WORKS AGAINST RELEASE.

By virtue of the indictment, probable cause has been established. The United States has also, however, pointed to the considerable number of wire interceptions in which Ronquillo was involved. In addition to the wire interceptions, there is substantial physical surveillance of Ronquillo that further strengthens the United States' case against him. Although Ronquillo has offered evidence to support his appeal, he has not, to date, rebutted the strong evidence that the United States has against him in this case. The weight of the evidence therefore cuts against Ronquillo and counsels for detention.

### C.     RONQUILLO'S HISTORY AND CHARACTERISTICS DO NOT SUPPORT RELEASE.

While the nature of the charged offense and the weight of the evidence go against Ronquillo, the Court believes that Ronquillo's history and characteristics present the most compelling evidence that Ronquillo is a flight risk and a danger to the community. Ronquillo has numerous failures to appear on his record. Ronquillo's prior failures to appear suggest that his risk of non-appearance is great. He has demonstrated a pattern of flouting his responsibilities to face charges that have been brought against him in various minor cases. Such a pattern suggests that Ronquillo will fail to appear on the present charge – the most serious charge he has ever faced.

Ronquillo suggests that his prior failures to appear are not reliable predictors of what he will do here because they related to minor offences. Ronquillo points to his unblemished attendance record on felony offences. The Court, however, is not convinced. The Court cannot ignore Ronquillo's numerous previous violations and probation revocations. These are indicative of his inability to comply with court orders. If he would not be willing to appear on so many minor matters, the Court is concerned that he will not make himself available for an important matter like

the one he now faces.

Ronquillo suggests that his inability to read or write Spanish diminishes his risk of flight. The facts undercut this proposition. The Court agrees that, given his inability to speak Spanish and otherwise get by in Mexico, Ronquillo does not present a significant flight risk to Mexico. Nevertheless, Ronquillo presents a significant risk of non-appearance. Ronquillo remained at large for over six weeks after the indictment issued. The Court is concerned that, if Ronquillo were released, he would, in accordance with his past behavior, disappear.

Ronquillo contends that his three children require and deserve his physical, emotional, and financial support. The Court does not disagree. Common sense, however, rather than an exact prediction, must inform the Court's judgment. Ronquillo's children constitute an incentive for him to remain and to face his responsibilities. Nevertheless, the balance of factors weighing against release trouble the Court, and that balance suggests that Ronquillo's children might not be enough to keep him from vanishing. The Court can therefore imagine that, under some circumstances, defendants such as Ronquillo will flee despite their children. Ronquillo's history suggests that he presents such a risk of flight.

### D. THE NATURE AND SERIOUSNESS OF DANGER TO ANY PERSON OR TO THE COMMUNITY POSED BY RONQUILLO'S RELEASE DO NOT SUPPORT RELEASE.

Ronquillo represents a danger to the community based upon the charges. See 18 U.S.C. § 3142(e). The rebuttable presumption that Congress has put in place for certain serious drug-trafficking crimes represents, at least in part, a concern that the defendant seeking pretrial release has strong incentives to return to drug trafficking. Drug-trafficking is something that Congress believes poses a great danger to the community. The presumption therefore reflects an understanding that drug dealers pose a significant risk to the community. Ronquillo is charged as

-10-

part of a major methamphetamine-trafficking operation. The Court therefore believes that he is a risk to the community and that any conditions of release which the Court could fashion would not substantially mitigate that risk.

In sum, the Court has carefully considered the record before it, including the evidence that Ronquillo has offered on his behalf and the record of the proceedings before the Magistrate Judge. The record, however, is indicative of someone who will flee and who is a danger to the community. The United States has carried its burden of persuading the Court that no condition or combination of conditions can be put in place to assure Ronquillo's appearance and the community's safety. The Court will therefore not disturb the Magistrate Judge's order. Rather, the Court finds that Ronquillo should remain in custody at this time.

**IT IS ORDERED** that the Defendant's Appeal of Order Denying Bail Review is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Larry Gomez
Reeve L. Swainston
Joel R. Meyers
  Assistant United States Attorneys
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

James P. Baiamonte
Albuquerque, New Mexico

*Attorney for the Defendant*