**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. CR 08-2936 JB

JAVIER AISPURO, a/k/a "Jaime," a/k/a Miguel A. Avitia, a/k/a Hereclio Orozco-Perez, a/k/a Emilio Bahena-Garcia, MARCUS CHAVEZ, ADAM ANDERSON, BRIAN DISHER, JAMES GRIEGO, SIMON RONQUILLO, EDGAR ZAMORAN-AISPURO, a/k/a "Julian," a/k/a "Zumba," a/k/a "Zumbador," and FELIPE DIAZ,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendants' Joint Motion to Compel Discovery Related to the Interception of Electronic Communications, filed September 30, 2009 (Doc. 191). The Court held a hearing on January 28, 2010. The primary issue is whether the Court should compel Plaintiff United States of America to disclose fifteen categories of wiretap-related information the Defendants request to determine whether the United States complied with the requirements for wiretaps under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, codified at 18 U.S.C. §§ 2510 through 2522, and under the Fourth Amendment. Because the Court finds that the United States has thus far met its discovery obligations under rule 16 of the Federal Rules of Criminal Procedure, and because the Court believes that the Defendants' motion

is premature, the Court will deny the motion without prejudice to the Defendants renewing the motion later in the proceedings if appropriate.

**PROCEDURAL BACKGROUND**

The Grand Jury issued an Indictment on December 16, 2008, which charges the Defendants with conspiracy to distribute 500 grams or more of methamphetamine, contrary to 21 U.S.C. § 841 (a)(1) and 841 (b)(1)(A), and in violation of 21 U.S.C. § 846. See Indictment, filed December 16, 2008 (Doc. 2). The Indictment specifies that the unlawful activity took place from in or about June 2008 up to and including December 16, 2008 in the District of New Mexico and elsewhere. The Indictment does not set forth any overt acts or specific facts. The United States has served the Defendants with voluminous discovery -- approximately 16,000 pages -- consisting of applications and affidavits for wiretaps, transcripts of wiretapped telephone calls, police-surveillance reports, other investigative reports, the Defendants' criminal histories, and laboratory reports. See United States Response to Defendants' Joint Motion to Compel Discovery Related to the Interception of Electronic Communications at 1-2, filed October 15, 2009 (Doc. 195). The United States also disclosed recordings of thousands of telephone calls it recorded over a six-month period. See id.

Defendants Javier Aispuro, Edgar Zamoran-Aispuro, Simon Ronquillo, Adam Anderson, Felipe Diaz, and Brian Disher jointly request the Court to order the United States to produce documents and materials necessary to determine whether the United States has complied with the necessity, minimization, and other requirements of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, as amended, 18 U.S.C. §§ 2510-2522. Specifically, the Defendants request fifteen categories of materials: (i) ten-day reports pertaining to the interception of electronic communications in this case; (ii) chain-of-custody records for the original recordings of the

electronic communications intercepted and recorded during the course of electronic surveillance; (iii) pen-register records and printouts pertaining to the investigation; (iv) reports regarding any aspect of this case that any financial analyst, accountant, investigator, or other individual prepared pertaining to the investigation; (v) audiotapes or similar records of any physical surveillance or consensual monitoring pertaining to the investigation; (vi) cellular or long-distance toll records, including records of the duration of telephone calls; (vii) any state or federal grand jury transcripts pertaining to the investigation; (viii) memoranda or any record in an electronic or paper form, not to exclude original law-enforcement notes, regarding any payments, vetting, polygraph records, drug testing, agreements, and any other information pertaining to reliability or lack of reliability of confidential informants; (ix) records of any other wiretap or interception of electronic communications, including but not limited to any wiretaps that the Honorable Philip Gutierrez, United States District Judge for the Central District of California authorized, or any other wiretaps that were referred to in any wiretap applications; (x) records pertaining to the detention, imprisonment, incarceration, probation, supervision, or parole of any individual referred to in the materials presented to the Court in the course of applying for authorization to conduct electronic surveillance; (xi) logs, reports, records, original notes, or any other record created by any method pertaining to physical surveillance of any individual named in the materials presented to the Court in the course of applying for authorization to conduct electronic surveillance; (xii) any record created by any method, including sign-in and sign-out logs, or similar records, for the wiretap facility or room, indicating the dates and times that each individual involved in the interception of electronic communications in this case entered and exited the wiretap facility; (xiii) any record created by any method regarding the minimization of interception of electronic communications that are unrelated to this investigation; (xiv) any record created by any method regarding the

minimization training received by the monitors of the interception of electronic surveillance; and (xv) any reports by prosecuting officials in the United States Attorney's Office for the District of New Mexico to the Administrative Office of the United States Courts that include information pertaining to the United States' efforts to obtain authorization from the Court to conduct electronic surveillance. See Motion at 29-35. The Defendants argue that these documents are necessary for them to meet their burden in a motion to suppress -- to demonstrate that the United States failed to show the necessity for a wiretap, and that the United States violated Title III's minimization requirements. See Motion at 35.

The United States argues that the Defendants' motion is an attempt to shoehorn additional discovery obligations into the necessity requirement. See Response at 3. The United States also argues that the Defendants already have all they need to determine whether the United States complied with the requirements of Title III and of the Fourth Amendment. See Response at 8. The United States contends that it has met and exceeded its disclosure requirements under rule 16 of the Federal Rules of Criminal Procedure. See Response at 15.

At the hearing, Scott Davidson, Zamoran-Aispuro's attorney, argued that the Defendants are waiting for judicial authorization for the employment of a consulting expert who will be able to assist them in providing the Court and the United States with specifics as to the wrongdoing in which the United States may have engaged. See Transcript of Hearing at 11:7-12 (taken January 28, 2010)("Tr.")(Davidson).[1] Mr. Davidson asked leave from the Court to supplement this motion with a specific showing of wrongdoing after the expert has been appointed. See Tr. at 11:12-17 (Davidson). The Court inquired whether a reasonable resolution would be to

[1] The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

deny the Defendants' motion without prejudice to them renewing a request after they and their expert have had the opportunity to review the discovery they have received from the United States. Mr. Davidson stated that, as long as it does not prejudice the Defendants' ability to seek more discovery and challenge the United States' compliance with Title III, the Defendants could accept the Court's proposed resolution. See Tr. at 12:19-25 (Davidson). Assistant United States Attorney Joel Meyers argued that, based upon Mr. Davidson's argument that the Defendants are awaiting appointment of an expert to review the wiretaps, Mr. Meyers believes that the motion to compel is premature. See Tr. at 13:8-12 (Meyers). He argued that the United States has surpassed its rule 16 obligations and its obligations under 18 U.S.C. § 2518. See Tr. at 13:21-25 (Meyers).

## ANALYSIS

The Defendants have moved the Court to compel the United States to produce fifteen categories of documents that they believe might show evidence of wrongdoing under Title III or under the Fourth Amendment. The United States argues that it has gone above and beyond its duty of disclosure under rule 16 and that the discovery request is nothing more than a fishing expedition. The Defendants conceded that the request lacks any indication of the United States' possible wrongdoing, and urges the Court to permit them to supplement the motion once an expert has been appointed and has reviewed the discovery already in the Defendants' possession. The Defendants' concession that specific information is lacking in its motion indicates to the Court that it is premature and also explains why the requested information is so sweeping in scope.

The United States made representations to the Court that it has surpassed its discovery obligations under rule 16 and 18 U.S.C. § 2518, and the Defendants did not contest that they have received thousands of pages of discovery, including the applications and affidavits in support of the wiretaps, which the United States need only turn over ten days before their use in any proceeding.

The Court, therefore, accepts the United States' representations. Because the United States has met its discovery obligations so far, the Court finds that it is inappropriate to compel the United States to disclose the sweeping amount of information the Defendants seek. See United States v. Mayes, 917 F.2d 457, 461 (10th Cir. 1990)("The constitution does not grant criminal defendants the right to embark on a broad or blind fishing expedition among documents possessed by the Government")(internal quotation and citation omitted). Further, because both the Defendants and the United States agree that dismissal of this motion without prejudice is an appropriate resolution at this time, the Court will deny the motion without prejudice to the Defendants renewing the motion if, once their expert has been in place and reviewed the discovery, they find more information is necessary.

**IT IS ORDERED** that the Defendants' Joint Motion to Compel Discovery Related to the Interception of Electronic Communications is denied without prejudice to them renewing their motion if appropriate.

UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
United States Attorney
Joel R. Meyers
Cynthia L. Weisman
Assistant United States Attorneys
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

John F. Robbenhaar
Assistant Federal Public Defender
Albuquerque, New Mexico

*Attorney for the Defendant Javier Aispuro*

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

*Attorneys for the Defendant Adam Anderson*

David A. Streubel
Steubel, Kochersberger & Mortimer LLC
Albuquerque, New Mexico

*Attorneys for the Defendant Brian Disher*

Scott Davidson
Albuquerque, New Mexico

-- and --

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

*Attorneys for the Defendant Edgar Zamoran-Aispuro*

Kimberly A. Middlebrooks
Albuquerque, New Mexico

*Attorneys for the Defendant Felipe Diaz*