**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                                                                 No. CR 08-2936 JB

JAVIER AISPURO, a/k/a "Jaime," a/k/a
Miguel A. Avitia, a/k/a Hereclio Orozco-
Perez, a/k/a Emilio Bahena-Garcia,
MARCUS CHAVEZ,
ADAM ANDERSON,
BRIAN DISHER,
JAMES GRIEGO,
SIMON RONQUILLO,
EDGAR ZAMORAN-AISPURO, a/k/a
"Julian," a/k/a "Zumba," a/k/a "Zumbador,"
and
FELIPE DIAZ,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Motion for a Bill of Particulars as to Edgar Zamoran-Aispuro, filed October 18, 2009 (Doc. 196); (ii) Defendant Felipe Diaz' Joinder and Supplement to Motion for Bill of Particulars, filed October 19, 2009 (Doc. 197)("Diaz Joinder"); (iii) Defendant Brian Disher's Joinder and Supplement to First Motion for Bill of Particulars (Doc. 196), filed November 5, 2009 (Doc. 206)("Disher Joinder"); (iv) Defendant Javier Aispuro's Notice of Joinder as to Docs. 196, 197, and 206 (re: Motion for Bill of Particulars), filed January 28, 2010 (Doc. 240)("Aispuro Joinder"); and (v) Defendant Adam Anderson's Notice of Joinder as to Docs. 196, 197, 206, and 240 (re: Motion for a Bill of Particulars), filed March 2, 2010 (Doc. 259). The Court held a hearing on January 28, 2010. The primary issue is whether the Court should

require Plaintiff United States of America to provide the Defendants with a bill of particulars identifying the United States' theory as to the dates each Defendant joined the conspiracy, the quantity of methamphetamine involved with each Defendant, and overt acts by each Defendant. Because the Court finds that the Indictment does not provide enough information to inform the Defendants of the charges against them with sufficient precision to allow them to prepare their defenses, the Court will grant the motion for a bill of particulars.

## PROCEDURAL BACKGROUND

The Grand Jury issued an Indictment on December 16, 2008, which charges the Defendants with conspiracy to distribute 500 grams or more of methamphetamine, contrary to 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A), and in violation of 21 U.S.C. § 846. See Indictment, filed December 16, 2008 (Doc. 2). The Indictment specifies that the unlawful activity took place from in or about June 2008 up to and including December 16, 2008 in the District of New Mexico and elsewhere. The Indictment does not set forth any overt acts or specific facts. The United States has served the Defendants with voluminous discovery -- approximately 16,000 pages -- consisting of applications and affidavits for wiretaps, transcripts of wiretapped telephone calls, police-surveillance reports, other investigative reports, the Defendants' criminal histories, and laboratory reports. See Diaz Joinder at 1; Aispuro Joinder at 2. The United States also disclosed recordings of thousands of telephone calls it recorded over a six-month period. See Aispuro Joinder at 2.

Zamoran-Aispuro moves the Court for an order directing the Untied States to provide a bill of particulars notifying him of his purported involvement in the alleged conspiracy to possess with the intent to distribute and distribution of methamphetamine. See Motion at 1. Zamoran-Aispuro argues that, aside from boilerplate language, there are no specific facts contained within the

Indictment to support the charged conspiracy against him, and, therefore, he is not able to properly defend against the charge against him or adequately address issues such as role, quantity of narcotics allegedly attributed to him, or the extend of his alleged participation in the conspiracy. See Motion at 3. He contends that, the charged case's complexity, the inadequate Indictment, and the voluminous discovery disclosed, he is entitled to a bill of particulars to achieve a general understanding of the basis for his alleged participation in the conspiracy and the evidence against him. See Motion at 3-4. Diaz joins Zamoran-Aispuro's motion, and further argues that the discovery the United States disclosed is confusing, as it refers to Diaz as Estiban, and not Felipe, and therefore it is unknown from the Indictment and discovery upon what particular acts or events the United States will rely to try to establish that Diaz engaged in a conspiracy. See Diaz Joinder at 2-3. Disher joins Zamoran-Aispuro's motion, arguing that without knowledge of the specific conduct the United States believes supports its case against Disher, he is unable to adequately prepare his defense. See Disher Joinder at 2. Aispuro, the lead Defendant named in this case, argues that the sheer volume and disorganization of the discovery prevents the Defendants from adequately understanding the specific evidence that points to each Defendant's personal involvement in the alleged conspiracy. See Aispuro Joinder at 2. Anderson argues that the evidence that the United States has produced shows Anderson's possible possession and distribution of marijuana, but not methamphetamine, and thus Anderson requests that the United States provide a bill of particulars so that he may be informed of the charges against him with sufficient precision to allow him to prepare a defense. See Anderson Joinder at 3. Diaz also submitted a supplement to his joinder, which provides examples of previously filed indictments in complex litigations that include overt acts, and detailed information as to dates and quantities of narcotics alleged. See Supplement to Joinder to Bill of Particulars, filed January 28, 2010 (Doc. 241).

The United States filed responses to Zamoran-Aispuro's motion and to Diaz' joinder. The United States argues that the motion for a Bill of particulars is untimely, because it was filed more than ten days after the arraignment of the Defendants. See United States' Response to Defendant's Motion for Bill of Particulars at 3, filed November 2, 2009 (Doc. 202).[1] The United States further argues that the Defendants concede they have received over 16,000 pages of discovery from the United States and thus cannot contend that they lack information to prepare for their defenses. See id. at 4. The United States also contends that it is not required to allege overt acts. See id. at 5. It contends that it is the Defendants' responsibility to use the discovery provided to prepare their defense, regardless of the amount of discovery or the difficulty of the task. See United States Response to Defendant's Joinder and Supplement to Motion for Bill of Particulars at 6, filed November 2, 2009 (Doc. 203).

At the hearing, Erlinda O. Johnson, counsel for Zamoran-Aispuro, argued that the Indictment is bare-bones and a bill of particulars is necessary to prepare for trial, and to avoid or minimize the danger of surprise at trial. See Transcript of Hearing at 17:25-18:7 (taken January 28, 2010) ("Tr.")(Johnson).[2] She argued that, when the Defendants are provided with a mountain of discovery but the Indictment makes only a general allegation of a long-term conspiracy, a bill of particulars is most needed. See Tr. at 18:11-14 (Johnson). She further argued that, in her experience, in cases where a long-term conspiracy is charged, the indictment would contain overt acts, and manners and means of the conspiracy. See Tr. at 19:19-22 (Johnson). She stressed that, in particular, she seeks

---

[1] The Defendants were arraigned on December 19, 2008. Zamoran-Aispuro's motion was filed on October 19, 2009.

[2] The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

-4-

information regarding when Zamoran-Aispuro allegedly entered the conspiracy and information regarding the quantity of narcotics attributed to him. See Tr. at 20:19-23 (Johnson). Ms. Johnson also argued that the Defendants have been left to interpret the thousands of intercepted calls the United States recorded and that the Defendants are left to guess how the calls are being interpreted by the United States, which leaves the Defendants susceptible to surprise at trial. See Tr. at 23:1-22 (Johnson); id. at 25:20-25 (Johnson). Ms. Johnson clarified that she is not asking the United States to go through and interpret every call for the Defendants, but rather that the United States should give the Defendants a list of calls that they intend to use. See Tr. at 27:3-6 (Johnson).

Kimberly Middlebrooks, Diaz' counsel, argued that in most complex cases, the Indictment not only sets forth the statutory language, but also sets forth overt facts that are being alleged against each particular defendant, including certain dates of involvement as well as quantities with which the United States alleges a particular defendant was involved. See Tr. at 28:21-29:4 (Middlebrooks). Ms. Middlebrooks also argues that, usually in complex cases such as this case, the discovery is well organized such that each Defendant can pinpoint which discovery pertains to him, and that here the discovery has no organization, and is particularly confusing regarding Diaz, as the calls refer to Esteban Diaz and not Felipe Diaz. See Tr. at 30:23-32:19 (Middlebrooks). David Streubel, Disher's counsel, argued that the Court should require a bill of particulars which clarifies the what, where, and when of the conspiracy. See Tr. at 35:12-14 (Streubel).

In response to the Defendants' attorneys, Assistant United States Attorney Joel Meyers represented that the United States has no problem providing the Defendants with a list of calls that it will be using at trial. See Tr. at 38:14-16 (Meyers). Mr. Meyers stated that the United States will be prepared to present that information three weeks before trial. See Tr. at 39:12 (Meyers). In response to the arguments for a bill of particulars, Mr. Meyers argued that the United States has

provided the Defendants with specific discovery that gives them the tools necessary to prepare for trial.  See Tr. at 40:17-19 (Meyers).  He further argued that the affidavits in support of the wiretaps provide a roadmap for the United States' theory on when each Defendant entered the conspiracy and contends that the United States should not have to point the defense counsel to specific parts of the discovery to enable them to do their jobs.  See Tr. at 40:21-41:2 (Meyers).  Mr. Meyers contends that the information regarding each Defendant's entry into the conspiracy, overt acts, and specific quantities are evidentiary issues that will be before the fact-finders in the case and are not appropriately sought through a bill of particulars.  See Tr. at 46:6-48:25 (Meyers, Court); id. at 49:10-12 (Meyers).

In reply, Ms. Johnson argued that, because the United States has provided nothing more than "dump truck discovery," the Court could order the United States to resubmit discovery to the Defendants in an organized and compartmentalized fashion as to each defendant.  See Tr. at 51:5-7 (Johnson).  Ms. Johnson contested Mr. Meyers' argument that the affidavits provide a sufficient roadmap because, for example, her client, Zamoran-Aispuro does not appear in either of the first two affidavits for wiretaps, and appears only in the November 2008 wiretap affidavit, and yet Ms. Johnson understands from her conversation with Mr. Meyers that it is the United States' position that Zamoran-Aispuro entered the conspiracy before November 2008.  See Tr. at 53:2-54:1 (Johnson).  Ms. Johnson also argued that, although the Defendants appreciate the United States' gesture to provide a list of recorded calls that the United States will use at trial, she argues that this is not sufficient to defeat the Defendants' need for a bill of particulars.  See Tr. at 55:4-16 (Court, Johnson).  Ms. Middlebrooks also argued that only Esteban Diaz -- not Felipe Diaz -- is mentioned in the wiretap affidavits, and therefore the affidavits are insufficient to shine light on the United States' theory as to Diaz.  See Tr. at 55:22-56:7 (Middlebrooks).  Ms. Middlebrooks further argued,

on the issue whether the request for a bill of particulars was timely, that it was impractical for the Defendants to review such voluminous discovery and file the motion within ten days of arraignment. See Tr. at 56:13-14 (Middlebrooks).

## LAW REGARDING BILLS OF PARTICULARS

Rule 7(c) of the Federal Rules of Criminal Procedure states that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). For each count, the indictment must also give the official or customary citation of the statute that the defendant is alleged to have violated. See Fed. R. Crim. P. 7(c). An indictment is sufficient if it (i) contains the elements of the charged offense and fairly informs a defendant of the charge against which he must defend; and (ii) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. See Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Bedonie, 913 F.2d 782, 790 (10th Cir. 1990). Tracking the language of the statute is generally sufficient as long as the indictment sets forth the elements of the offense and provides a statement of facts that informs the defendant of the specific offense. See Hamling v. United States, 418 U.S. at 117-18; United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988). An indictment need not allege in detail the factual proof that the United States will rely on to support the charges. See United States v. Dunn, 841 F.2d at 1029.

Rule 7(f) of the Federal Rules of Criminal Procedure authorizes the court to direct the United States to file a bill of particulars. Rule 7(f) provides:

> The court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). The courts have "very broad discretion in ruling upon requests" for bills of

particulars. See Will v. United States, 389 U.S. 90, 99 (1967).

The purpose of a bill of particulars is to inform the defendant of the charges against him with sufficient precision to allow the defendant to prepare a defense. See United States v. Ivy, 83 F.3d 1266, 1281 (10th Cir. 1996); United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988)("The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense."). "A bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial." United States v. Levine, 983 F.2d 165, 167 (10th Cir. 1992). The United States Court of Appeals for the Tenth Circuit has stated that a defendant "is not entitled to notice of all of the evidence the government intends to produce, but only the theory of the government's case," United States v. Ivy, 83 F.3d at 1281, for a bill of particulars "is not a discovery device," United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988).

In United States v. Dunn, the indictment quoted the language of 21 U.S.C. § 846 and included the dates of the illegal activity, the place, and the specific controlled substance. See 841 F.2d at 1029. The defendant requested a bill of particulars for the United States to state with specificity the manner in which and when the defendant conspired with an alleged co-conspirator, and the date, time, place, witnesses, and circumstances concerning the alleged conspiracy. See 841 F.2d at 1029. The Tenth Circuit affirmed the district court's denial of a bill of particulars, and held that an indictment need not go further than setting forth the elements of the offense charged and need not allege "in detail the factual proof that will be relied upon to support the charges." 841 F.2d at 1029 (citing United States v. Crippen, 579 F.2d 340, 342 (5th Cir. 1978), cert. denied,

439 U.S. 1069 (1979)).  In <u>United States v. Barbieri</u>, 614 F.2d 715 (10th Cir. 1980), the defendant moved for a bill of particulars setting forth "the specific event, facts, conduct, or circumstances upon which the allegations in the indictment are based." <u>Id.</u> at 719.  The Tenth Circuit upheld the district court's denial of the motion, reasoning that, because "the indictment was sufficiently complete and precise to enable Barbieri to prepare a defense and avoid prejudicial surprise at trial," the motion "appears to be an improper request for evidentiary detail." <u>Id.</u>  In <u>Wyatt v. United States</u>, 388 F.2d 395 (10th Cir. 1968), a defendant charged with liquor-law violations moved for a bill of particulars setting forth "information as to whom the non-tax-paid whiskey was sold to, who sold it to this person, and also where the whiskey was manufactured." 388 F.2d at 397.  The Tenth Circuit held that the district court did not abuse its discretion in denying the motion because "the charges in the indictment set out the specific date, the specific amount of non-tax-paid whiskey involved and that the event occurred on or about a public street in Guthrie, Logan County." 388 F.2d at 397.  In <u>United States v. Tyler</u>, 42 Fed. Appx. 186 (10th Cir. 2002), the indictment identified the quantity of drugs, the dates of the alleged offenses and the general location of the offenses, and, therefore, the Tenth Circuit found that a bill of particulars was not necessary.

## ANALYSIS

The Indictment in this case states:

> From in or about June 2008, up to and including December 16, 2008, in the District of New Mexico and elsewhere, the defendants . . . did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with each other and with other persons whose names are known and unknown to the grand jury to commit the following offense against the United States, to wit: distribution of 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  In violation of 21 U.S.C. § 846.

Indictment at 1-2.  The Defendants argue that, without any specified dates of entry into the conspiracy or dates of the specific acts which bring each Defendant into the conspiracy, the

Defendants cannot adequately prepare their defenses. The United States argues that the affidavits in support of the applications for the wiretaps, which it produced in discovery, along with all of the telephone calls which were recorded, provides sufficient information to apprise the Defendants of the charges pending against them and of the United States' theory of the case.

The Court has reviewed the Indictment and the affidavits for the wiretaps, as well as the examples of indictments in similar complex cases submitted to the Court. See Supplement to Joinder to Bill of Particulars, filed January 28, 2010 (Doc. 241)("Supplement"). The Indictment in this case bears some striking differences from the example indictments from other complex drug-conspiracy cases in this District provided to the Court. The example indictments enumerate counts with specific dates, quantities, and particularized members of the conspiracy, see Supplement, Exhibit A at 1-3 (Doc. 241-2); id. at 1-4 (Doc. 241-7), and some include separate sections outlining the United States' theory of the manner and means of the conspiracy, see, e.g., Supplement, Exhibit A at 2-3 (Doc. 241-3), and overt acts which name specific members of the conspiracy who acted on specific dates and state the specific quantities of narcotics, see id. at 3-8. The Indictment in this case tracks the language of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), but the only facts not taken directly from the statute are the book-end dates -- June 2008 up to and including December 16, 2008. Tracking the language of the statute is generally sufficient as long as the indictment sets forth the elements of the offense and provides a statement of facts that informs the defendant of the specific offense. See Hamling v. United States, 418 U.S. at 117-18; United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988). Although the indictment need not allege in detail the factual proof that the United States will rely on to support the charges, see United States v. Dunn, 841 F.2d at 1029, there has to be sufficient facts to inform the Defendants of the United States' theory of the case as to each Defendant's involvement so that

each Defendant may prepare his defense.  See United States v. Ivy, 83 F.3d at 1281.  The Court believes that the general allegation that all of the Defendants engaged in a conspiracy does not sufficiently apprise each Defendant of the United States' theory as to how each is involved in the alleged conspiracy.

The United States argues that the affidavits for the wiretaps provide sufficient evidence to demonstrate the United States' theory.  The Court has reviewed the affidavits from June 2008, July 2008, September 2008, and November 2008, and finds that the information contained therein does not adequately apprise the Defendants of the requisite information they need, such as the United States' theory as to when each Defendant entered the conspiracy or its theory as to how it is construing the intercepted calls.  The Court has broad discretion in ruling upon a motion for a bill of particulars, and the Court believes that, in this instance, a bill of particulars is the appropriate means of conveying necessary information to the Defendants.

The Court also finds persuasive the Defendants' argument that, in a complex case with voluminous unorganized discovery, a bill of particulars is particularly necessary to avoid surprise at trial.  See United States v. Bin Laden, 92 F. Supp. 2d 225, 234 (S.D.N.Y. 2000)(stating that "it is no solution to rely solely on the quantity of information disclosed by the government; sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars."), aff'd, 552 F. 3d 93 (2d Cir. 2008), cert. denied, 129 S. Ct. 2778 (2009); United States v. Bortnovsky, 820 F.2d 572, 575 (2d Cir. 1987)(holding that the district court erred in not granting the defendants' motion for a bill of particulars where the United States disclosed "mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged."); United States v. Mahaffy, 446 F. Supp. 2d 115, 120 (E.D.N.Y. 2006)(stating that  "a large volume of discovery warrants a bill of

particulars if it obfuscates the allegedly unlawful conduct and unfairly inhibits the defendant's preparation for trial.").

The Court will not require the United States to go through every telephone call recorded and describe what its theory is to each call; such an undertaking would turn the bill of particulars into an impermissible general discovery request. The Court, however, will require the United States to provide a bill of particulars in which it produces, as to each Defendant, the date by which it either: (i) contends that each of the remaining Defendants joined the conspiracy; or (ii) the first time that the United States knew each Defendant was a part of the conspiracy. The Court will also require the United States to provide the amount of methamphetamine that it alleges are at issue for each Defendant, so that the Defendants may understand the United States' theory of construing the intercepted telephone calls. The Court additionally will require the United States to provide the overt acts for which it believes each Defendant is responsible. The Court suggests that the United States reference the indictments provided in the Defendants' supplement for an example of showing overt acts through information learned in recorded telephone calls or other information upon which the United States relied for indicting a particular Defendant. The Court accepts the United States' representation that it will provide the Defendants with the list of recorded calls that it intends to use at trial and will not require the United States to provide that list sooner than its proposed deadline of three weeks before trial.

**IT IS ORDERED** that the Motion for a Bill of Particulars as to Edgar Zamoran-Aispuro, joined by Defendants Felipe Diaz, Brian Disher, Javier Aispuro, and Adam Anderson, is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Joel R. Meyers
Cynthia L. Weisman
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Scott Davidson
Albuquerque, New Mexico

-- and --

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

    *Attorneys for the Defendant Edgar Zamoran-Aispuro*

John F. Robbenhaar
  Assistant Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Defendant Javier Aispuro*

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendant Adam Anderson*

David A. Streubel
Steubel, Kochersberger & Mortimer LLC
Albuquerque, New Mexico

    *Attorneys for the Defendant Brian Disher*

Kimberly A. Middlebrooks
Albuquerque, New Mexico

    *Attorneys for the Defendant Felipe Diaz*